UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| STEPHEN DEWAYNE GRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:21-cv-748-RDP-GMB |
| MADISON COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the court is Stephen Dewayne Gray's *pro se* complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. Doc. 1. The complaint is before a Magistrate Judge for a preliminary report and recommendation. *See* 28 U.S.C. § 636(b)(1); *McCarthy v. Bronson*, 500 U.S. 136 (1991). For the reasons to follow, the Magistrate Judge recommends the dismissal of this action without prejudice.

### I. BACKGROUND

Gray initiated this action by filing the form customarily used by prisoners to bring civil rights actions pursuant to § 1983. Doc. 1. Gray challenged his "illegal conviction and unconstitutional sentence," alleged violations of his due process rights, and claimed that his arrest warrant was defective. Doc. 1 at 2. Gray named the Madison County Sheriff's Department, a Huntsville investigator, a Huntsville

police officer, and a private attorney as defendants, and he sought to have his conviction overturned and to receive monetary damages for pain and suffering. Doc. 1 at 3–4.

Upon reviewing the complaint, the court notified Gray that his complaint did not invoke an appropriate cause of action for overturning his conviction. Doc. 8 at 2. The court explained the distinctions between an action brought under § 1983 to challenge the constitutionality of his arrest or the circumstances of confinement and a petition for a writ of habeas corpus to challenge the constitutionality of a conviction or sentence. Doc. 8 at 2–4. The court ordered Gray (1) to file an amended complaint pursuant to § 1983 naming defendants subject to suit and stating cognizable claims, or alternatively to dismiss the lawsuit and file a petition for writ of habeas corpus setting forth appropriate claims; and (2) either to pay his filing fee or to file a properly supported motion to proceed *in forma pauperis* if he decided to proceed under § 1983. The court allowed Gray to respond within 30 days and warned him that it could dismiss his lawsuit if he did not comply by that deadline. Doc. 8 at 4.

On July 1, 2021, Gray filed a document labeled "Amendment to 1983 Complaint" and a motion to proceed *in forma pauperis*. Docs. 9 & 10. Because the amendment did not cure the deficiencies in Gray's first complaint and the motion to proceed *in forma pauperis* was incomplete, the court entered an order again explaining the differences between a § 1983 civil rights action and a habeas petition

and allowing Gray an additional 30 days to file a corrected pleading and completed application to proceed *in forma pauperis*. Doc. 11. The court again warned Gray that his failure to file corrected pleadings within 30 days could result in the dismissal of this action for his failure to prosecute his claims. Doc. 11.

On July 16, 2021, the court received a letter from Gray raising a host of issues, including a request for counsel, but failing to address the court's earlier orders. Doc. 12. The court denied Gray's request for counsel and again explained that he must bring any challenges to the legality of his conviction and sentence through an action for habeas corpus. Doc. 13 at 1–2. The court gave Gray an additional 30 days to correct his deficient pleadings and complete his application to proceed *in forma pauperis*. Doc. 13 at 3. The court warned Gray for the third time that his failure to comply could result in the dismissal of this action. Doc. 13 at 3.

Gray nevertheless has not complied with the court's orders and has not responded to the last order. The court cannot ignore Gray's refusal to prosecute his claims as ordered, and Gray's track record makes clear that no amount of court direction and redirection is likely to ensure his compliance with his litigation obligations.

## II. RECOMMENDATION

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE for Gray's failure to prosecute his claims.

### III.  NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation.  The plaintiff must file any objections with the Clerk of Court within 14 calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting.  Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order.  In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

Upon receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations.  The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and

recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

DONE and ORDERED on August 30, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE